902 F.2d 28
 134 L.R.R.M. (BNA) 2064
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HANCOCK FABRICS, d/b/a Fabric Warehouse, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 89-1475.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1990.
Decided April 13, 1990.
 
 Lawrence Stewart Wescott, Venable, Baetjer & Howard, Baltimore, Md., argued, for petitioner; Ronald W. Taylor, Venable, Baetjer & Howard, Baltimore, Md., on brief.
 William Maurice Bernstein, National Labor Relations Board, Washington, D.C.; Jeffrey Daniel Lewis, Landover, Maryland, for respondent; Joseph E. Desio, Acting General Counsel; Robert E. Allen, Associate General Counsel; Aileen A. Armstrong, Deputy Associate General Counsel; Linda Dreeben, Supervisory Attorney; Steven B. Goldstein, National Labor Relations Board, Washington, D.C., on brief.
 E.D.Va.
 ENFORCEMENT GRANTED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Hancock Fabrics petitions for review of a decision by the National Labor Relations Board ("Board") which found that Hancock committed unfair labor practices in violation of sections 8(a)(1) and 8(a)(5) of the Labor Management Relations Act, 29 U.S.C. Secs. 158(a)(1) and 158(a)(5) ("NLRA"). The Board has made a cross application for enforcement of its order. 294 NLRB No. 4 (1989). In its decision, the Board found that Hancock violated the NLRA by promising better benefits to employees on the condition that they get rid of the United Food and Commercial Workers Union, Local 400 ("Union"), by soliciting employees to circulate petitions to decertify the Union, by denying a Union representative access to its store, by holding meetings directly with its employees to offer them a better benefit package without notifying or bargaining with the Union, by withdrawing recognition from the Union, by refusing to bargain with the Union for a new collective bargaining agreement, by making unilateral changes in working conditions, and by maintaining a provision in its employee handbook which requires that an employee not be a member of the Union in order to participate in Hancock's pension plan. Because there is substantial evidence in the record as a whole to support the Board's findings, we affirm the Board's decision and grant its application for enforcement of its order. Hancock Fabrics d/b/a Fabric Warehouse and United Food & Commercial Workers, Local 400, 294 NLRB No. 4 (May 25, 1989).
 
 ENFORCEMENT GRANTED